Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ALEXIS AULET TRANSPORT<br><br>Apelado<br><br><br>V.<br><br><br>PLATINIUM WASTE DISPOSAL LLC<br><br>Apelante | TA2025AP00270 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br><br>Caso Núm.:<br>GB2023CV01043<br><br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Comparece ante nos Platinum Waste Disposal (Platinum o parte peticionaria), sin someterse a la jurisdicción de este Tribunal, mediante recurso de *Apelación[1]* y nos solicita que revisemos una *Resolución* emitida el 17 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[2] Mediante el referido dictamen, el TPI declaró No Ha Lugar la *Moción en Solicitud de Nulidad Sentencia y Embargo. Regla 4, 8, 9, 10, 39.2, 49, 51 y Otras* presentada por la apelante.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

I.

El caso ante nuestra consideración tuvo su origen el 8 de noviembre de 2023, fecha en que Alexis Aulet Transport (Alexis Transport o parte recurrida) presentó una *Demanda* en cobro de

---

[1] Toda vez que se trata de una solicitud de revisión de una *Resolución* post sentencia, acogemos este recurso como una petición de *certiorari*, aunque disponemos que conserve su denominación alfanumérica según asignada originalmente por la Secretaría de este Tribunal.
[2] Entrada 22 del caso GB2023CV01043 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Archivada y notificada el 22 de julio de 2025.

dinero en contra de Platinum.[3] En esencia, alegó que, la parte peticionaria contrató sus servicios con el propósito de realizar un servicio de acarreo, y aún le adeudaba la suma de $6,535.53, puesto que no realizó los pagos según pactados. Sostuvo que dicha suma estaba vencida, era líquida y exigible. Además, adujo que, cursó un requerimiento en cobro de dinero por correo certificado con acuse de recibo, pero Platinum nunca pagó la suma adeudada. El 10 de noviembre de 2023, el TPI expidió los emplazamientos correspondientes.[4]

Posteriormente, el 30 de noviembre de 2023, Alexis Transport presentó una *Moción Sometiendo Evidencia*.[5] En esta, notificó al Tribunal que diligenció el emplazamiento el 28 de noviembre de 2023. La parte recurrida, acompañó su moción con el emplazamiento, en el cual surge que fue entregado a la Sra. Marge López (señora López), identificada como *controler* de Platinum. Así las cosas, el 26 de febrero de 2024, Alexis Transport presentó una *Moción Solicitando Anotación de Rebeldía e Inclusión en Calendario*.[6] Allí, señaló que la parte peticionaria fue emplazada conforme a derecho el 28 de noviembre de 2023, por lo que el término para presentar su contestación a la *Demanda* había vencido. En virtud de lo anterior, solicitó que se anotara la rebeldía a Platinum y se señalase vista para atender la controversia.

Examinada la moción sobre anotación de rebeldía, el 11 de marzo de 2024, el TPI emitió una *Orden* en la cual concedió quince (15) días a Alexis Transport para que presentara una declaración jurada acreditando la deuda. A su vez, solicitó un proyecto de sentencia con determinaciones de hechos y conclusiones de derecho.[7]

---

[3] *Íd.*, Entrada 1 de SUMAC.
[4] *Íd.*, Entrada 2 de SUMAC.
[5] *Íd.*, Entrada 3 de SUMAC.
[6] *Íd.*, Entrada 5 de SUMAC.
[7] *Íd.*, Entrada 6 de SUMAC. Notificada el 12 de marzo de 2024.

Conforme ordenado, el 19 de marzo de 2024, la parte recurrida presentó su *Moción en Cumplimiento de Orden* e incluyó la declaración jurada y el proyecto de sentencia. En esta, reiteró que, Platinum se comprometió al pago por los trabajos realizados. Particularmente, manifestó que los hechos demostraban que la parte peticionaria otorgó el referido pagaré libre y voluntariamente. Así pues, razonó que Platinum no cumplió con los acuerdos de pago a los que se obligó, por lo que procedía declarar la *Demanda* ha lugar y ordenar el pago de $6,535.53, más intereses y recargos contados a partir de la fecha de la sentencia. Además, solicitó la imposición de $1,000.00 en costas, gastos y honorarios de abogado.

Tras dar por sometido el asunto ante su consideración, el 25 de marzo de 2024, el TPI emitió su *Sentencia.*[8] En esta, el TPI formuló las siguientes determinaciones de hechos:

1. La parte demandada realizó unos trabajos de acarreo de materiales a la parte demandada que sumaron la cantidad de $6,535.53.

2. Luego de realizados los trabajos y enviadas las correspondientes facturas la parte demandada incumplió con el pago de las mismas.

3. La demandada incumplió con el acuerdo de pago, por lo que a la fecha de la declaración jurada sometida con la Moción en Cumplimiento de Orden adeudaba la suma de $6,535.53.

4. Del expediente surge copia de las gestiones de cobro hechas por la parte demandante, previo a la radicación de la demanda.

El foro apelado consignó que, de los hechos y la prueba presenta por la parte recurrida, se desprendió que, Platinum se comprometió al pago por los trabajos realizados por Alexis Transport, por la suma de $6,535.53, A su vez, determinó que los hechos demostraban que la parte peticionaria otorgó el referido pagaré libre y voluntariamente. Por lo cual, esta era deudora de las cantidades alegadas en la *Demanda.* Por tanto, anotó la rebeldía a

---

[8] *Íd.*, Entrada 8 de SUMAC. Notificada el 26 de marzo de 2024.

Platinum, declaró Ha Lugar la *Demanda* y ordenó a la peticionaria a pagar la suma de $6,535.53 más los intereses y recargos adicionales hasta la fecha de la *Sentencia*. Asimismo, concedió a Alexis Transport la suma de $1,000.00 por concepto de costas, gastos y honorarios de abogado.

Luego, el 22 de abril de 2024, Alexis Transport presentó una *Moción Solicitando Orden.*[9] Mediante esta, solicitó al Tribunal que ordenara al Departamento de Transportación y Obras Públicas a emitir una certificación que indicara cuántos vehículos tenía Platinum registrado a su nombre. Cónsono con lo anterior, el 6 de mayo de 2024, el TPI emitió una *Orden* en la cual concedió dicha solicitud.[10] Diligenciada la orden, el 19 de mayo de 2025, la parte recurrida presentó su *Moción Sobre Embargo en Ejecución de Sentencia.*[11] Allí, esbozó que, Platinum no satisfizo la suma impuesta en la *Demanda,* por lo que procedía expedir el mandamiento de embargo a los fines de incautar bienes e inmuebles de su propiedad hasta la suma de $7,535.53.

Examinada dicha moción, el 21 de mayo de 2025, el TPI ordenó al Alguacil a que procediera a embargar bienes suficientes para cubrir la suma de $6,535.53 y $1,000.00 por concepto de honorarios de abogado.[12] A su vez, al día siguiente, el TPI emitió su *Mandamiento de Embargo.*[13] Por su parte, el 28 de mayo de 2025, Alexis Transport presentó su *Moción Solicitando Venta en Pública Subasta* contra el bien embargado.[14]

Así las cosas, el 30 de mayo de 2025, Platinum presentó una *Moción Solicitud Nulidad Sentencia y Embargo Reglas 4, 8, 9,10,*

---

[9] Entrada 9 de SUMAC.

[10] *Íd.*, Entrada 10 de SUMAC.

[11] *Íd.*, Entrada 13 de SUMAC.

[12] *Íd.*, Entrada 14 de SUMAC. Notificada el 22 de marzo de 2025.

[13] *Íd.*, Entrada 15 de SUMAC. Notificada el 22 de mayo de 2025.

[14] *Íd.*, Entrada 16 de SUMAC.

*39.2, 49, 51 y Otras.*[15] En esta, esbozó que, la *Demanda* no estaba firmada por el representante legal de la parte apelada, no identificó a las partes correctamente y, no advirtió si estas eran personas naturales o jurídicas. Por otra parte, señaló que, no se emplazó al Sr. Alberto Muñiz, presidente y agente de la compañía. Resaltó que, la emplazadora optó por emplazar a la señora López, *controler* de la compañía, quien no estaba autorizada para recibirlo. Específicamente, indicó que, la señora López expresó a la emplazadora que poseía una condición neurológica sensitiva y que estaba en un proceso médico, por lo que no podía recibir el emplazamiento. Por tanto, razonó que lo anterior violentaba su debido proceso de ley, puesto que el Tribunal nunca adquirió jurisdicción sobre Platinum.

De igual forma, adujo que, del expediente no surgía el contrato suscrito entre las partes, las facturas, ni las gestiones de cobro por parte de Alexis Transport. Por ello, esgrimió que, ante ausencia total de prueba, procedía celebrar una vista a los fines de aquilatar la prueba documental. Advirtió que, cuando una parte estaba en rebeldía, el Tribunal estaba obligado a evaluar la suficiencia de una reclamación. Por último, manifestó que, la parte apelada solicitó el embargo de una propiedad mueble con un valor de $225,000.00. Mientras que la cantidad adeudada era de $6,535.53. Así pues, expuso que el embargo fue excesivo, *ultra vires* y, solicitó daños por una cuantía no menor de $50,000.00. En virtud de lo anterior, solicitó la nulidad de la *Sentencia* y la imposición de honorarios de abogado por una suma no menor a $10,000.00.

Así las cosas, el 11 de junio de 2025, el TPI emitió una *Orden* concediéndole a la parte recurrida el término de quince (15) días para exponer su posición.[16] En la misma fecha, el TPI emitió una segunda

---

[15] *Íd.*, Entrada 17 de SUMAC.
[16] *Íd.*, Entrada 18 de SUMAC.  Notificada el 17 de junio de 2025.

*Orden* declarando No Ha Lugar la solicitud de embargo.[17] Conforme ordenado, el 2 de julio de 2025, Alexis Transport presentó su *Moción en Cumplimiento de Orden*.[18] En primer lugar, detalló que, el epígrafe de la *Demanda* contenía las partes, el asunto, el Tribunal y el nombre de su representante legal, por lo que errores mínimos de forma no podían constituir una razón para la desestimación del caso. Ello, siempre que incluyera la información necesaria para un debido proceso de ley. De otra parte, alegó que, anejó una declaración jurada con el propósito de reiterar la deuda de la peticionaria.

Respecto al emplazamiento, arguyó que, conforme al Art. 12.01 de la Ley General de Corporaciones, 14 LPRA sec. 3502, el emplazador optó por dejar el emplazamiento en uno de los lugares mencionados en la ley, en presencia de un adulto y por lo menos seis (6) días previos a la fecha de señalamiento del procedimiento judicial. Sostuvo que el emplazamiento fue diligenciado a la señora López, quien brindó una expectativa de que la corporación quedaría debidamente notificada del pleito en su contra. Por tanto, insistió que, la *Sentencia* se emitió conforme a derecho. Finalmente, esbozó que, la peticionaria tuvo la oportunidad de rebatir la prueba presentada y presentar las defensas pertinentes. No obstante, enfatizó que, no fue hasta la ejecución del embargo, que esta indicó que advino en conocimiento de la *Demanda* en su contra.

Examinados los planteamientos de las partes, el 17 de julio de 2025, el TPI emitió su *Resolución* en la cual determinó lo siguiente:

> Evaluada la *Moción Solicitud Nulidad Sentencia y Embargo. Regla 4, 8, 9, 10, 39.2, 49, 51 y Otras* asi como la Moción en Cumplimiento de Orden, se declara No Ha Lugar la petición para declarar nula la sentencia dictada.[19]

---

[17] *Íd.*, Entrada 19 de SUMAC. Notificada el 17 de junio de 2025.
[18] *Íd.*, Entrada 21 de SUMAC.
[19]*Íd.*, Entrada 22 de SUMAC.

No conforme con la determinación del TPI, Platinum presentó una *Apelación*, en la que sostuvo que el TPI incidió en cometer los siguientes errores:

1. ERRÓ EL TRIBUNAL A EMITIR SENTENCIA EN REBELDÍA SIN AQUILATAR PRUEBA SUFICIENTE CONFORME EL ESTADO DE DERECHO VIGENTE JURISPRUDENCIA APLICABLE Y SANA ADMINISTRACIÓN DE LA JUSTICIA EN TORNO A LA REBELDÍA.

2. ERRÓ EL TRIBUNAL A EMITIR SENTENCIA EN REBELDÍA CON UN PROYECTO DE SENTENCIA INCOMPATIBLE CON LOS HECHOS EN RÉCORD QUE INDUJO A ERROR AL TRIBUNAL CONFORME LA JURISPRUDENCIA APLICABLE EN TORNO A LA REBELDÍA.

3. ERRÓ EL TRIBUNAL A EMITIR SENTENCIA EN REBELDÍA SIN AQUILATAR LAS DEFICIENCIAS EN LA DEMANDA CONFORME LAS REGLAS 8, 9 de PROCEDIMIENTO CIVIL CUYOS INCUMPLIMIENTO NO SE ESTÁ SUBSANADO Y VIOLA EL DEBIDO PROCESO DE LEY (DPL)DEL DEMANDADO LA SANA ADMINISTRACION DE LA JUSTICIA EN NUESTROS TRIBUNALES.

4. ERRÓ EL TRIBUNAL AL PERMITIR UN EMBARGO EXCESIVO CONTRA ACTIVO DEL APELANTE CONFORME EL MARCO DERECHO APLICABLE.

En esencia, la parte peticionaria argumentó que, el expediente no incluyó el contrato, facturas, correos, ni evidencia que acreditara la exigibilidad de la deuda. De igual forma, planteó que el Tribunal no adquirió jurisdicción, toda vez que la *Demanda* no identificó a las partes y emplazó a una persona que no era agente residente de la compañía. Finalmente, detalló que la propiedad embargada tenía un valor de $225,000.00, por lo que el embargo era excesivo y *ultra vires*.

El 25 de agosto de 2025, emitimos una *Resolución* concediéndole a Alexis Transport el término de treinta (30) días para presentar su alegato. En cumplimiento con lo anterior, el 29 de septiembre de 2025, la parte recurrida presentó su *Alegato*. En síntesis, manifestó había transcurrido más de seis (6) meses desde que se dictó la sentencia, por lo que esta era inapelable. A su vez, señaló que, la peticionaria no fundamentó su recurso en las

excepciones provistas por las Reglas de Procedimiento Civil para impugnar la *Sentencia*. En la alternativa, arguyó que, del expediente surgía que el emplazamiento fue diligenciado y entregado a la señora López, persona adulta y empleada de Platinum. Por tanto, razonó que cumplió con la Ley General de Corporaciones, *supra*.

II.

### A. *Certiorari*

Una determinación sobre asuntos post-sentencia es revisable mediante el recurso de *certiorari*. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, *supra*. Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En tal virtud, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

### B. *Emplazamiento*

Sabido es que el emplazamiento es un mecanismo procesal mediante el cual un tribunal adquiere jurisdicción sobre la persona del demandado. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018). Este viabiliza el ejercicio de la jurisdicción judicial. *Íd.*; *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997). Es a través del emplazamiento que se le notifica al demandado sobre la existencia de una reclamación incoada en su contra. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021); *Cirino González v. Adm. Corrección*, 190 DPR 14, 30 (2014); *Banco Popular v. SLG Negrón*, 164 DPR 855, 863 (2005). El propósito de este mecanismo es notificar a la parte demandada, a grandes rasgos, que existe una acción judicial en su contra para que, si así lo desea, ejerza su derecho a comparecer en el juicio, ser oído y presentar prueba a su favor. *Banco Popular v. SLG Negrón, supra*; *Pérez Quiles v. Santiago Cintrón, supra.*

Particularmente, la Regla 4.4(e) de Procedimiento Civil, 32 LPRA Ap. V., R.4.4 dispone la forma en que se diligenciará el emplazamiento a una corporación:

> (e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos.

Cónsono con lo anterior, el Art. 12.01 de la Ley General de Corporaciones de 2009, 14 LPRA sec. 3781, establece que,

> Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o

dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

En lo pertinente a la controversia ante nuestra consideración, en *Rivera Torres v. Díaz López*, 207 DPR 206, 650-652 (2021), el Tribunal Supremo de Puerto Rico expresó que, el Art. 12.01 de la Ley General de Corporaciones provee una alternativa que flexibiliza diligenciar el emplazamiento a una corporación. Específicamente, dispone que, se permite dejarlo junto a la demanda en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado de Puerto Rico, siempre y cuando lo haga en presencia de un adulto, por lo menos seis días previos a la fecha del señalamiento del procedimiento judicial. *Id.* Ahora bien, indica que, las personas a través de las cuales se puede emplazar a una corporación deben estar en una posición de suficiente responsabilidad como para que una persona razonable pueda presumir que transmitirá o remitirá a sus superiores cualquier emplazamiento y demanda. Es decir, lo verdaderamente importante es la relación entre la persona adulta ante quien se deja el emplazamiento y la corporación. *Id.*

### C. *Rebeldía*

La rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). El mecanismo de la rebeldía tiene como propósito principal desalentar el uso de la dilación de los procedimientos como una estrategia de litigación. *Id.* La Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V R. 45.1, contiene las disposiciones relacionadas con la anotación de rebeldía. La citada Regla provee lo siguiente:

> *Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el secretario anotará su rebeldía.*
>
> *El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b)(3).*
>
> *Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).*
>
> *La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.*

De conformidad con las disposiciones contenidas en la Regla 45.1, *supra,* la anotación de rebeldía es un mecanismo útil para los tribunales en varias instancias.  La más común de ellas se suscita cuando una parte no comparece al proceso luego de haber sido emplazada de manera adecuada.  *Bco. Popular v. Andino Solís*, 192 DPR 172 (2015). Si bien es cierto que un demandado tiene el derecho de actuar de esta manera, el mecanismo de la anotación en rebeldía permite que el ejercicio de su prerrogativa no dilate el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses.  *Rivera Figueroa v. Joe's European Shop, supra.*

Además, procede la anotación de rebeldía cuando el demandado no cumple con el requisito de comparecer a contestar la demanda u ofrecer una defensa a su favor, por lo que este no presenta alegación alguna contra las alegaciones hechas por el demandante o contra el remedio solicitado por este. *Íd.* Entonces, tanto el demandante, mediando solicitud, como el TPI, *motu proprio*, puede declarar a la parte en rebeldía. *Bco. Popular v. Andino Solís*, *supra*. Básicamente, una anotación en rebeldía tiene la consecuencia de que se dan por admitidos todos los hechos bien alegados en la demanda. Además, tiene el efecto de autorizar al TPI para que dicte sentencia, si es eso lo procedente como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop, supra.*

Por otra parte, la Regla 45.2 de Procedimiento Civil, 32 LPRA Ap. V R. 45.2, establece los casos en los que podrá dictarse sentencia en rebeldía. Dispone la Regla 45.2(a), *supra*, que el tribunal podrá así actuar cuando la reclamación del demandante contra el demandado sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, siempre y cuando no se trate de un menor o de una persona incapacitada. Lo anterior, a menos que estos estén representados por el padre, madre, tutor o defensor judicial u otro representante que haya comparecido en el pleito. Ahora bien, si para que se dicte la sentencia en rebeldía se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar el asunto a un comisionado o comisionada. Regla 45.2(b) de Procedimiento Civil, *supra.*

Es menester recalcar que la Regla 45 de Procedimiento Civil, 32 LPRA Ap. V R. 45, no tiene como propósito otorgarle una ventaja a los demandantes al dictar una sentencia a su favor sin que se

celebre una vista en los méritos, sino que, como hemos mencionado, es una norma procesal que, como remedio coercitivo, pretende evitar las dilaciones innecesarias en el curso de los procesos judiciales. *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2002). Finalmente, la anotación de rebeldía o el dictar sentencia en rebeldía contra una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Díaz v. Tribunal Superior*, 93 DPR 79 (1966).

### D. *Relevo de sentencia*

La Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, rige lo concerniente a la facultad de los tribunales para dejar sin efecto una sentencia u orden suya por causa justificada. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). El peticionario del relevo de sentencia tiene la obligación de justificar su solicitud al amparo de uno de los motivos establecidos en la aludida regla. *Pérez Ríos y otros v. ELA y otros*, 2023 TSPR 136, 213 DPR ___ (2023). A saber, Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, dispone lo siguiente:

> Regla 49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc. Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la

sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación o un recurso de *certiorari* de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea incompatible con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación para solicitar el referido permiso.

La citada Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2 "aplica sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída". J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da. ed., San Juan, Publicaciones JTS, 2011, pág. 1415. Por otro lado, la persona peticionaria está obligada a justificar su solicitud de relevo de sentencia, amparándose en algunas de las causales establecidas en la regla. *Reyes v. ELA. et al.*, 155 DPR 799 (2001). Empero, constituye una decisión discrecional del juzgador de relevar a una parte de los efectos de una sentencia, excepto medie nulidad o la sentencia en cuestión sea satisfecha. *Pérez Ríos y otros v. ELA y otros*, 2023 TSPR 136, 213 DPR __ (2023); *HRS Erase v. CMT*, 205 DPR 689 (2020); *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

Como regla general, la moción solicitando relevo de sentencia debe presentarse dentro de un término razonable, nunca posterior a transcurridos seis (6) meses de registrarse el dictamen judicial o llevarse a cabo el procedimiento. Dicho término es fatal, por lo que la presentación de una moción solicitando relevo de sentencia

transcurrido el periodo de seis (6) meses, priva al tribunal de jurisdicción para atenderla. *Náter v. Ramos*, 162 DPR 616, 625 (2004). "Sin embargo, dicho plazo es inaplicable cuando se trata de una sentencia nula". *Íd.* Una sentencia es nula cuando se dictó sin jurisdicción o, al dictarse, se quebrantó el debido proceso de ley. *García Colón et al. v. Sucn. González*, 178 DPR 527, 543 (2010).

Recientemente, el máximo foro judicial reiteró que "cuando una sentencia es nula y se solicita el relevo de la sentencia mediante el mecanismo provisto por la Regla 49.2 [de Procedimiento Civil, *supra*, R. 49.2], resulta mandatorio declarar su inexistencia jurídica". *Pérez Ríos y otros v. ELA y otros, supra*. Esto, independientemente de los méritos o la reclamación que le asista a la persona perjudicada. *López García v. López García*, 200 DPR 50, 61 (2018); *García Colón v. Sucn. González, supra*, págs. 543-544.

III.

En el presente caso, la Peticionaria planteó que el TPI erró al emitir la *Sentencia* en rebeldía sin aquilatar prueba suficiente. En su segundo señalamiento de error, argumentó que, incidió el foro primario al emitir *Sentencia* en rebeldía con un proyecto de *Sentencia* incompatible con los hechos en récord. A su vez, en su tercer señalamiento de error, arguye que el TPI erró al emitir *Sentencia* en rebeldía sin aquilatar las deficiencias en la *Demanda* conforme a las reglas 8 y 9 de Procedimiento Civil, 32 LPRA Ap. V., R.8 y R.9. Ello, en violación al debido proceso de ley. Finalmente, esbozó que el foro primario erró al ordenar el embargo excesivo de un bien mueble.

Un examen del expediente demuestra que durante la totalidad del trámite ante el foro primario la parte peticionaria no compareció a impugnar la prueba presentada por la parte apelada. Ello, a pesar de que fue debidamente emplazada por una persona con suficiente responsabilidad en la compañía como lo es la *controler* de la misma.

De otra parte, nos llama la atención la dejadez de Platinum, puesto que no fue hasta un (1) año y dos (2) meses después de dictada la *Sentencia* que solicitó la nulidad de esta. De dicha moción, tampoco surge prueba suficiente que nos convenza de la nulidad de dicha *Sentencia.* Conforme a lo concluido por el TPI, no procedía la concesión de una moción de relevo de sentencia ante meras alegaciones, sin sustentar conforme a derecho.

Tras una sosegada evaluación de la totalidad del expediente ante nuestra consideración y a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, resolvemos que debemos abstenernos de ejercer nuestra función revisora. No atisbamos error alguno que amerite nuestra intervención, puesto que el TPI no incurrió en error, equivocación, ni en un craso abuso de su discreción en la aplicación del derecho.

En consecuencia, declinamos expedir el auto solicitado.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones